IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                      :

JOYFE MEDICAL SUPPLY CORP.            :    CASE NO. 03-09891(SEK)
        DEBTOR
                                      :    CHAPTER  11

-------------------------------------:
JOYFE MEDICAL SUPPLY CORP., and
its President JOSE S. COLON           :
        PLAINTIFFS

                                      :
        V.                                 ADV. NO. 04-0023

                                      :
BOSTON SCIENTIFIC CORPORATION,
BOSTON SCIENTIFIC PUERTO RICO, INC.,  :
BOSTON SCIENTIFIC DEL CARIBE, INC.,
RAFAEL ALCOCER MARCANO, in his        :
official and personal capacities,
CORPORATIONS A, B, and C, JOHN DOE    :
and INSURANCE COMPANIES X, Y, and Z
        DEFENDANTS                    :

                                      :
-------------------------------------

OPINION AND ORDER

The parties' dispute over the termination of the exclusive dealership agreement executed under local law 75 gives rise to three related motions pending before this court. The first motion questions whether our footnote order of November 16, 2004 placed on docket entry 78A had the effect of dismissing this complaint. The next one refers to Debtor's request for a remand of the complaint to the Insular Court. The last one concerns Boston Scientific Corporation's and Boston Scientific Puerto Rico's (collectively "Boston Scientific") opposition to the remand and request for dismissal of the complaint. For the reasons stated below, we find the November 16th footnote order did not dismiss this complaint, and

remand the cause of action back to the Insular Court.

## Background

In 1994 Debtor entered into an agreement with SciMed for the exclusive distribution of several of its medical products and devises in Puerto Rico under local law 75.  SciMed assigned the agreement to Boston Scientific Corp. in 1995, and it remained in effect until Boston Scientific terminated it on March 21, 2001. Debtor then sued Boston Scientific in the courts of Puerto Rico seeking injunctive relief and damages for the improper termination of the distributorship agreement (the "First lawsuit").  Boston Scientific removed the cause of action to the District Court for the District of Puerto Rico invoking diversity of citizenship jurisdiction.  The District Court remanded the action to the Insular Courts.  On remand, the Insular Court enforced the Distributorship Agreement's arbitration clause and dismissed the complaint.  Debtor appealed, and the Puerto Rico Court of Appeals affirmed the lower court.

After the arbitration hearing concluded, but before the arbitrators could rule, Debtor filed for bankruptcy protection.  The arbitration was stayed.

While Debtor was under the protection of the bankruptcy court, it filed another suit in the Insular Courts (the "Second Lawsuit"). This time it sought damages for the violation of Law 75, and for Rafael Alcocer Marcano's tortuous interference with the contract. Debtor also requested that the arbitration clause be declared null and void.  Boston Scientific responded by filing a motion for the

modification of the stay so that the stayed arbitration could be concluded ("Index A"), and removed the Second Lawsuit to this court ("Adv. Proc. #04-0023"). We stayed Adv. Proc. #04-0023 awaiting the outcome of Index A, stating that Boston Scientific would have 30 days after entry of a decision in the Index A to answer the complaint, or request the dismissal of the proceeding.

After several hearings, we ordered the parties in Index A to file memoranda of law concerning the applicability of the Rooker-Feldman doctrine.[1] Boston Scientific complied, but Debtor didn't. Boston Scientific then filed an urgent motion for the lifting of the stay and the dismissal of the "action pertaining to the termination of the Distribution Agreement with Movants". We placed a footnote order "Granting" the motion docketed as 78A on November 16, 2004, followed by the entry of a separate order lifting the automatic stay dated November 23, 2004. At the same time, we ordered the Clerk to schedule a status conference in the case and the adversary proceeding.

During the status conference, the parties informed the court that an arbitration award has been rendered in favor of Boston Scientific on January 27, 2005. The parties then discussed whether our footnote order of November 16, 2004 placed on docket entry 78A granting Boston Scientific's Urgent motion meant we had also dismissed the adversary complaint. We ruled that the Order entered

---

[1] *Exxon Mobil Corporation v. Saudi Basic Industries Corp.*, 125 S. Ct. 1517, 161 L.Ed.2d 454, 73 USLW 4266 (March 30, 2005); *Federación de Maestros de Puerto Rico v. Junta de Relaciones de Trabajo de Puerto Rico*, 410 F.3d 17 (1st Cir. 2005); *Diva's Inc. v. City of Bangor, et al.*, 411 F.3d 30 (1st Cir. 2005).

in Index A disposed of the Adv. Proc. #04-0023.  However, we granted each party 10 days to file memoranda of law indicating the reasons why we should set aside this footnote order dismissing the proceeding.    The parties complied and these controversies ensued.

Discussion

A. Vacating the November 16th footnote order insofar as it dismisses the adversary proceeding.

Debtor argues that our order can only be interpreted as lifting of the stay for the following reasons: (1) none of the motions filed by Boston Scientific in Index A were also filed in the Adv. Proc. #04-0023, (2) Boston Scientific's urgent motion, docket number 78A, was only filed in Index A, (3) a motion to lift the automatic stay can not be combined with any other remedy pursuant to Local R. of Bankr. P. 4001(a) (2).  Boston Scientific did not addressed this issue in its memorandum of law.  It chose to limit its brief to challenging Debtor's request for remand, and defend its position requesting the dismissal of the complaint.

Our review of the record and the law, shows we intended that the footnote order of November 16, 2004 placed on docket entry 78A be limited to granting Boston Scientific's request for the lifting of the stay.  We reach this conclusion because we had stayed the adversary proceeding pending the outcome of Index A, we only entered the separate order in Index A, and as soon as we rendered our decision in Index A, we ordered the Clerk to schedule a hearing to discuss the status of the legal case and the adversary proceeding. Furthermore, the case law supports Local R. of Bankr. P. 4001(a)(2)

4

restriction, violated by Boston Scientific when it requested two distinct remedies (lifting of the stay and dismissal of the proceeding) in the mentioned contested matter. *Grella v. Salem Five Cents Savings Bank*, 42 F. 3d, 26,31 (1st Cir. 1994); 9 *Collier On Bankruptcy*, § 4001.02[2] (15th ed. rev.). Wherefore, to the extent that our November 16th footnote order purports to dismiss the adversary proceeding, we vacate it and set aside.

B. Disposition of Adv. Proc. #04-0023.

At this juncture, both parties request summary disposition of this proceeding as there are no facts in dispute. The controversy is now limited to whether we should dismiss the case right away, as suggested by Boston Scientific, or remand it to the Insular courts, as argued by Debtor.

Debtor moves for a remand, arguing that mandatory abstention pursuant to 28 U.S.C. § 1334 (c)(2) applies to this proceeding. It claims the elements for mandatory abstention are derived from the record. For example, the record shows Debtor commenced a lawsuit in the local court and its claims against Boston Scientific were not core to bankruptcy. Moreover, Debtor points out this proceeding involves only state-law claims that could not have been brought in federal court absent bankruptcy jurisdiction. Debtor further suggests that Boston Scientific position in requesting the lift of stay regarding the termination of the distributorship agreement is consistent with its request for mandatory abstention.

Boston Scientific argues that remand is not warranted on any legal or equitable ground. To remand the matter would be a waste of judicial time, expense and efficiency, when the only action



5

available to the state court would be to dismiss the Second Lawsuit based on res judicata. According to Boston Scientific, dismissal due to res judicata is the only option available to the Insular Court as both lawsuits consist of actions for violation of law 75, seeking damages related to the termination of the distributorship agreement. Hence, it argues resolution of the First Lawsuit disposes of the second one. By not granting its motion to dismiss Boston Scientific avers we would allow Debtor to re-litigate issues that were resolved against it in the arbitration proceeding, so that equity supports dismissal of the Second Lawsuit.

We begin by ascertaining whether the Second Lawsuit was properly removed to this court. *In re Santa Clara County Child Care*, 223 B.R. 40,44 (1st Cir. B.A.P. 1998), as issues concerning jurisdiction, abstention, and remand should be decided before reaching preclusion issues, *In the matter of Southmark Corporation v. Coopers & Lybrand (In the matter of Southmark Corporation)*, 163 F.3d 925, 929 (5th Cir. 1999). In other words, does bankruptcy jurisdiction exist here? And if it exists, we then turn to the second prong of the test: should we exercise it?

*1. Do we have jurisdiction to resolve the parties' dispute?*



28 U.S.C. § 1452(a) provides that "[a] party may remove any claim or cause of action in a civil action...to the district court for the district where such action is pending, **if such district court has jurisdiction** of such claim or cause of action under section 1334 of this title". (Emphasis supplied) We have jurisdiction over this proceeding if the removed action is one

arising under or arising in a case under title 11 or is an action 'related to' a case under title 11.  28 U.S.C. § 1334(a)&(b). However, it is not necessary to distinguish between the different types of proceedings.  "These references operate conjunctively to define the scope of jurisdiction.  Therefore, it is only necessary to determine whether a matter is at least 'related to' the bankruptcy." *In the matter of Wood*, 825 F.2d 90,93 (5th Cir. 1987). "[B]ankruptcy courts ordinarily may exercise related to jurisdiction as long as the outcome of the litigation 'potentially [could] have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate'." *Boston Regional Medical Center, Inc. v. Reynolds (In re Boston Regional Medical Center, Inc.)*, 410 F.3d 100,105 (1st Cir. 2005).  Proceedings related to bankruptcy include "causes of action owned by debtors that become property of the estate pursuant to 11 U.S.C. § 541". *Celotex Corporation v. Edwards*, 514 U.S. 300, 308; 115 S.Ct. 1493, 1499, n.5 (1995)

The Second Lawsuit filed in the Insular Court contains three claims for relief.  The first one is for violation of Law 75 as the distributorship agreement was allegedly terminated without cause. The second one is an action against Rafael Alcocer Marcano for the breach of a non-competition clause, and for the tortuous interference with the contract.  The third one is an action to declare the Agreement's arbitration clause null and void.  Because these causes of action existed before the filing of the petition they are property of the estate, and any award or recovery would

7

affect funds available to creditors. Thus, there is a connection between the adversary proceeding and the administration of this estate, *Boston Regional, supra,* and we have related to jurisdiction over this proceeding.

*2. We now turn to the second part of the test: should we resolve the dispute at hand?*

Section 1452(b) of the Code provides that a court to which a claim or cause of action is removed "may remand such claim or cause of action on any equitable grounds". 11 U.S.C. § 1452(b).

Debtor claims this proceeding raises no bankruptcy issues, just factual and legal issues related to state laws, and could not have been commenced absent bankruptcy jurisdiction. Hence, we should abstain and remand the case to the Insular courts.

Mandatory abstention under 28 U.S.C. § 1334(c)(2) requires the presence of several elements: 1) a purely state law question, 2) a non core proceeding under 28 U.S.C. § 157(c)(1), 3) a lack of independent federal jurisdiction absent a petition for bankruptcy, 4) an action which was already commenced in state court, 5) an ability of the state court to timely adjudicate the action, and 6) a state forum of appropriate jurisdiction. *Goya Foods v. Unanue Casal (In re Unanue Casal),* 164 B. R. 216 (Dist. P.R. 1993). Boston Scientific only challenges requirement number 4[2]: is there an action commenced in state court? It claims this requirement is not satisfied in this proceeding because once the complaint is removed,



---

[2] The parties agreed this is a non core matter, dealing exclusively with State law issues, in which there is no independent source of federal jurisdiction absent bankruptcy. See Notice of Removal filed by Boston Scientific.

there is no longer a separate state court proceeding to which we can defer. Hence, Boston Scientific brings to this court the ongoing dispute discussed by the court regarding the applicability of the section 1334(c) to cases removed under section 1452. The courts are split. One group rules mandatory abstention is inapplicable to an action removed under section 1452.[3] This group "reasoned that inherent in the concept of abstention is the notion that there exists a pendent action in favor of which the court would abstain... [W]hen a case is removed from state court, the state court proceeding is 'extinguished'. At that point, there is no other lawsuit in favor of which to abstain."[4] The majority of the courts conclude that: "1) because Section 1334(c)(2) says 'is commenced' and not 'is pending', mandatory abstention does not require a pending state law suit; 2) on remand to state court, the proceeding will be reinstated and a speedy adjudication can be had; and 3) providing for mandatory abstention in removal situations 'better comports with the plain language of § 1334(c)(2) as well as Congress's intent that mandatory abstention strike a balance between the competing interests of bankruptcy and state courts".[5]



---

[3] *Security Farms v. International Brotherhood of Teamsters*, 124 F.3rd 999, 1009 (9th Cir. 1997); *Renaissance Cosmetics, Inc. v. Development Specialists Inc.*, 277 B.R. 5, 12-13 (S.D. NY 2002); *In re Adelphia*, 285 B.R. 127, 143 (Bankr. S.D. NY 2002); *Southern Marine and Industrial Services, Inc. v AK Engineering, Inc. a/k/a AK Services ( In re AK Services, Inc.)*, 159 B.R. 76, 84 (Bankr. Mass. 1993).

[4] Cavender, *On the need to conduct abstention analysis in Bankruptcy related cases*, 71 U. CHI. L. Rev. 289,293 (2004).

[5] *Mt. McKinley Insurance Company v. Corning Incorporated*, 399 F. 3d 436,447 (2nd Cir. 2005); *Christo v. Padgett*, 223 F.3d 1324, 1331 (11th Cir. 2000); *In re Southmark Corp.*, 163 F.3d 925,929 (5th

We adopt the majority view, finding that section 1334(c) applies to removed cases.  Thus, all requirements for mandatory abstention are present here, and we order this proceeding remanded to the Insular Court from which it was removed pursuant to 28 U.S.C. § 1334 (c)(2), declining to exercise our jurisdiction to resolve Boston Scientific's request for dismissal based on res judicata.

SO ORDERED, in San Juan, Puerto Rico, this 20th day of September, 2005.

SARA De JESUS
U. S. Bankruptcy Judge

---

Cir. 1999); *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 584 n.3 (6th Cir. 1990).